UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIEGO E. OBREGON-CALCEDO, | Civil Action No. 24-8320 (KMW) |
| Petitioner, | |
| v. | MEMORANDUM ORDER |
| WARDEN MRS. THOMPSON, | |
| Respondent. | |

This matter comes before the Court on the habeas petition filed by Petitioner Diego E. Obregon-Calcedo. (ECF No. 1.) Pursuant to Rule 4 of the Rules Governing Section 2254 cases, applicable to § 2241 petitions through Rule 1(b), This Court is required to screen Petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Under this Rule, this Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). In his habeas petition, Petitioner asserts that he is seeking to challenge either a BOP sentencing calculation or the loss of good time credits, but he does not provide any allegations as to what the issue is, how the BOP's actions are improper, or the exact relief he is seeking.[1] (*See* ECF No. 1 at 3-9.)

---

[1] Petitioner attaches to his habeas petition an inmate data sheet from his current prison which indicates that he was originally scheduled for release in July 2024 based on credits earned under the First Step Act. Petitioner was not released, so the Court infers that Petitioner likely lost or was deprived of these First Step Act credits and it is this deprivation he seeks to challenge. However, without actual factual allegations stating that intention or showing why the loss of the credits was unlawful, this Court cannot permit the current petition to proceed based on inferences from a data sheet.

1

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Rule 2(c) of the Rules Governing Section 2254 Cases requires that a habeas petitioner in his petition "specify all the grounds for relief available to the petitioner [and] state the facts supporting each ground." Under the rule, a petitioner must present specific, particularized facts in the petition itself to "enable the [district] court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review." *See Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990); *see also Bullard v. Chavis*, 153 F.3d 719 (4th Cir. 1998); *Moorefield v. Grace*, No. 06-541, 2007 WL 1068469, at *2 (W.D. Pa. Apr. 5, 2007). Because Petitioner's habeas petition is devoid of any clear claims for relief or factual allegations underlying any such claim, Petitioner's habeas petition fails to meet the pleading requirements of Rule 2(c), and therefore must be dismissed without prejudice. Petitioner may file an amended petition specifying his claims and the facts underlying those claims within thirty days.[2]

**IT IS THEREFORE** on this 14th    day of August, 2024,

**ORDERED** that Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to meet the habeas pleading requirements; and it is further

**ORDERED** that Petitioner is granted leave to file an amended petition containing any grounds for relief he intends to raise and the facts supporting those grounds within thirty days; and it is finally

---

[2] Petitioner neither paid the five dollar filing fee applicable to habeas petitions nor did he file an application to proceed *in forma pauperis*. To the extent Petitioner chooses to file an amended petition, that petition will not proceed to the extent it has merit until Petitioner either pays the filing fee or files a complete application to proceed *in forma pauperis*.

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail, and shall **CLOSE** the file.

Hon. Karen M. Williams,
United States District Judge