UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DIEGO E. OBREGON-CALCEDO,** | Civil Action No. 24-8320 (KMW) |
| Petitioner, | |
| v. | **MEMORANDUM ORDER** |
| **WARDEN MRS. THOMPSON,** | |
| Respondent. | |

*Pro se* Petitioner Diego Ernesto Obregon-Caicedo, a federal prisoner currently confined in the Fort Dix Federal Correctional Institution, seeks to bring a habeas petition pursuant to 28 U.S.C. § 2241. (ECF No. 3). Petitioner, however, did not pay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), and instead seeks to proceed without prepaying the fee. Pursuant to Local Civil Rule 81.2(b), a prisoner seeking to bring a habeas petition *in forma pauperis* must submit both a detailed affidavit indicating his inability to pay the filing fee and "a certification signed by an authorized officer of the institution [in which he is detained] certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's prison account during the six month period prior to the date of the certification." As Petitioner has neither paid the filing fee nor submitted an *in forma pauperis* application, this matter must be administratively terminated until such time as Petitioner either pays the fee or files a complete *in forma pauperis* application.

**IT IS THEREFORE** on this 21st day of October, 2024,

**ORDERED** that the Clerk of the Court shall administratively terminate this case, without filing the petition or assessing a filing fee; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is

not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [petition] is submitted to the clerk before the statute runs …."); and it is further

**ORDERED** that the Clerk of the Court shall forward Petitioner a blank form Application to Proceed In Forma Pauperis in a Habeas Corpus Case, for use by a prisoner; and it is further

**ORDERED** that the Clerk's service of the form shall not be construed as this Court's finding that Petitioner's claims are or are not duly exhausted; and it is further

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Room 1050, Camden, NJ 08101, within 30 days of the date of entry of this Order; Petitioner's writing shall include either the $5 filing fee or a complete application to proceed in forma pauperis; and it is further

**ORDERED** that upon receipt of a writing from Petitioner stating that he wishes to reopen this case, and either the $5 filing fee or a complete in forma pauperis application, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

*Karen M. Williams*
Hon. Karen M. Williams,
United States District Judge

2