**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

DIEGO E. OBREGON-CALCEDO,

                    Petitioner,

                    v.

THOMPSON,,

                    Respondent.

Civil Action No. 24-8320 (KMW)

**OPINION**

**WILLIAMS**, District Judge:

This matter comes before the Court on the amended habeas petition filed by Petitioner Diego E. Obregon-Calcedo pursuant to 28 U.S.C. § 2241. (ECF No. 3). As Petitioner has now paid the applicable filing fee, this Court is required by Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set forth below, Petitioner's habeas petition shall be dismissed without prejudice.

I.    **BACKGROUND**

Petitioner is a convicted federal prisoner currently serving his sentence at FCI Fort Dix. (ECF No. 1 at 2.) In his petition, Petitioner states that he had previously been rendered eligible to receive credits under the First Step Act, but he has now been deprived of those credits and was not provided any form of process prior to the loss of his credits. (*Id.* at 7.) Although Petitioner does

not clearly describe why he lost the credits in his habeas petition, in his attached memorandum, Petitioner admits that he lost the ability to apply his previously earned credits under the Act after he received a final order of removal from immigration officials. (*See* ECF No. 3-1 at 8-9.) Petitioner now argues that, despite his final order of removal, he had a "vested" interest in his previously earned credits, of which he could not be deprived without a hearing of some sort. (*Id.* at 1-9.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III.    DISCUSSION

In his current petition, Petitioner argues that he was improperly deprived of his "vested interest" in FSA credits he earned prior to receiving a final order of removal and that he was denied Due Process when he lost that interest without a hearing upon receiving such an order. While

Petitioner is correct that prisoners generally have a liberty interest in their earned credits, any interest earned under the First Step Act is subject to the Act's own terms and limitations. Thus, while the First Step Act does provide inmates with an opportunity to earn credits for participating in recidivism reduction programs, the Act also explicitly states that a prisoner "is ineligible to apply time credits [to reduce his sentence] if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i). The statute thus bars any inmate who is subject to a final order of removal from receiving FSA credits or applying any previously earned credits towards early supervised release. *See, e.g., Gonzalez-Garcia v. FCI Berlin, Warden*, No. 23-91, 2023 WL 3020872, at *2 (D.N.H. Apr. 20, 2023). Petitioner thus did not lose any interest he had in his credits, instead that interest was always subject to the express limitation that those credits could not be applied if Petitioner ever became subject to a final order of removal. *Id.* The very Act which provided the credits Petitioner now seeks to use made those credits contingent on immigration status from the very beginning, and Petitioner cannot now argue that he should be permitted to use those credits where the Act itself prohibits their application. Because any interest Petitioner had is subject to the Acts own limitations, including the inability to apply them upon receipt of a final order of removal, Petitioner has not been deprived of any liberty interest by the BOP's following of the Act's clear directive that FSA credits cannot be applied by inmates such as Petitioner who are subject to final orders of removal. Petitioner's Due Process challenge is therefore without merit and must be dismissed as such.

## IV.    <u>CONCLUSION</u>

For the reasons expressed above, Petitioner's amended habeas petition (ECF No. 3) is

**DISMISSED WITHOUT PREJUDICE**.  An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge